**DONGHU LI, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 10-73163**

United States Court of Appeals, Ninth Circuit.

Submitted December 18, 2017 *

Filed December 20, 2017

Donghu Li, Pro Se

OIL, Christina P. Greer, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

MEMORANDUM **

Donghu Li, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Substantial evidence supports the agency's adverse credibility determination based on Li's inconsistent testimony as to his baptism. *See id.* at 1048 (adverse credibility determination supported under the totality of the circumstances). Li's explanation for the inconsistency does not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, in this case, Li's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Li's CAT claim fails because it is based on the same testimony the agency found not credible, and the record does not otherwise compel the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See id.* at 1156-57.

## PETITION FOR REVIEW DENIED.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.